By the Court.—Sedgwick, Ch. J.
The judgment for the injunction in this case should be affirmed under the decisions that have been made in like cases. If it be assumed that testimony on this issue was improperly admitted, enough other testimony appeared that, as matter of law, supported the injunction under these decisions.
The court below proceeded to ascertain the terms, upon the performance of which by the defendants the injunction might be dissolved, and made rulings as to the evidence on this point, which the appellants now argues were erroneous. These rulings concerned opinions of the owners of adjoining property of the value of such property, they not being experts, as it is called, in estimating the values of real property. But the opinions of experts had been given in evidence, and it was important to ascertain the value as testimony of these opinions. The court *281 was at liberty to examine the grounds of such opinions. These grounds were not matter of fact legally proved, and were, in part, at least, the values that the adjoining owners placed upon their property, for the market value would be the resultant of the opposition between buyers and sellers.
The rulings were not erroneous. But, if they were, they did not affect the absolute right to an injunction that the defendants stay their invasion of plaintiffs’ property. The ascertainment of the condition was not due to any equity the defendants had as against the plaintiffs, or because, equitably, the plaintiffs’ right to a permanent injunction was a modified one and not absolute. Substantially the condition was gratuitously made as to the defendants and was allowed for the sake of third parties. The whole judgment should not be set aside because the judge below ascertained what values owners on the street attached to their own property or that belonging to others.
In my opinion the judgment should be affirmed, with costs.
Freedman, J., concurred.